UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lance Pough,                                                              Case No. 15-cv-772

          Petitioner

    v.                                                                          MEMORANDUM OPINION

John Coleman, Warden,

          Respondent

## I.    INTRODUCTION

On April 21, 2015, *pro se* Petitioner Lance Pough filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter was referred to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R & R"). Magistrate Judge Vecchiarelli recommended I deny Respondent's motion to dismiss and transfer Pough's petition to the Sixth Circuit. (Doc. No. 26). Pough objects to the R & R. (Doc. No. 29). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the R & R and overrule Pough's objections.

## II.    BACKGROUND

Magistrate Judge Vecchiarelli accurately and comprehensively set forth the procedural background of this case, and I adopt those sections of the R & R in full. (Doc. No. 26 at 1-7).

Briefly, in 2000, Pough was indicted on counts of aggravated murder and conspiracy to commit murder. At the time, Pough was already incarcerated on pending federal drug charges. In November 2000, Pough entered into a comprehensive plea agreement in which he pled guilty to the state charge of complicity to commit murder with a firearm specification with the capital murder

charge being dismissed.  The plea agreement stated that he could be sentenced up to 18 years for the state charge and that sentence was to be served concurrently with his federal sentence.  The plea agreement also stated that a "period of control or supervision by the Adult Parole Authority" was mandatory following release from prison.

Pough, with the assistance of counsel, appealed his state conviction on the grounds that the plea was not knowing and voluntary due to ineffective assistance of counsel and that the trial court erred in accepting the plea.  The state appellate court affirmed his conviction and the Supreme Court of Ohio declined to exercise jurisdiction over a subsequent appeal.

Pough filed his first § 2254 petition in July 2004, citing ineffective assistance of counsel and insufficient library resources as grounds for relief. Magistrate Judge Baughman issued an R & R recommending dismissal, to which Pough did not object.  After the Court adopted the R & R, dismissing the petition, Pough sought a certificate of appealability from the Sixth Circuit, which was denied.

Later attempts to reopen the appeal and obtain post-conviction relief were also unsuccessful.  These attempts included a motion for sentencing clarification and a request for resentencing nunc pro tunc in 2009, both of which were denied by the trial court, affirmed by the appellate court, and never appealed to the Supreme Court of Ohio.  In 2015, Pough again filed motions in state court related to sentencing, this time requesting the court enter a revised judgment entry or let him withdraw his guilty plea.   These motions were based, like the action presently before me, on the issue of post release control versus parole.  The trial court denied all motions; the appellate court affirmed.

On April 20, 2015, Pough filed the § 2254 petition currently before the court, raising five grounds for relief.  The first four grounds of relief cite errors in the state plea agreement; the fifth and final ground cites error in the state sentence.  Respondent moved to dismiss the petition as

"second or successive." While Magistrate Judge Vecchiarelli found the petition to be "second or successive," she recommends the petition be transferred to the Circuit rather than dismissed entirely.

### III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### IV. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there are very limited circumstances in which a prisoner's "second or successive" petition may be considered as opposed to simply dismissed. 28 U.S.C. § 2244(b)(2). The circuit court has jurisdiction over "second or successive" petitions and is authorized to grant the district court jurisdiction to consider petitions of this nature in extremely limited circumstances. 28 U.S.C. § 2244(b)(3). If it is unclear at the outset whether a subsequent petition is "second or successive" within the meaning of the statute, the district court must classify the petition accordingly. *In re Smith*, 690 F.3d 809, 809-10 (6th Cir. 2012). In short, if the district court finds a petition to be "second or successive," it may be transferred to the circuit or dismissed; if not, the district court has jurisdiction to consider the petition on the merits.

"Second or successive" is a term of art within the statute, considering the content of a subsequent habeas petition rather than taking a strictly textualist approach. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). In developing the term "second or successive" within the meaning of the AEDPA, courts have relied on case law interpreting the abuse of writ doctrine, which preceded AEDPA. *See Slack*, 529 at 486 ("[P]re-AEDPA law governs, though we do not suggest the definition of second or successive would be different under AEDPA."); *Panetti*, 551 U.S. at 943-44 ("The phrase 'second or successive' is not self-defining. It

3

takes its full meaning from our case law, including decisions predating the enactment of [AEDPA]."). An abuse of writ with respect to a second petition occurred when the petitioner "rais[ed] a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *see also Delo v. Stokes*, 495 U.S. 320, 321-22 (1990) (holing a subsequent petition to be an abuse of writ when the claims "could have been raised in his first petition for federal habeas corpus.").

Ultimately, when applying the principles of abuse of writ to AEDPA, the term "second or successive" asks whether the petitioner had a full and fair opportunity in the initial petition to assert the grounds for relief raised in a subsequent petition. *Magwood v. Patterson*, 561 U.S. 320, 344-45 (Kennedy, J., dissenting). In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), the Court, using principles of abuse of writ, held that a *Ford* claim dismissed as unripe in a previous petition was not "successive" because the "petitioner [did] not receive an adjudication of his claim." Likewise, in *Slack*, a petition challenging the same judgment as was in the initial petition was not considered "second or successive" because the initial petition was dismissed for procedural reasons—unexhausted claims—*not* on the merits. 529 U.S. at 487-88. When confronted with a second petition in *Burton v. Stewart*, 549 U.S. 147, 154-55 (2007) , the Court distinguished *Stewart* and *Slack*, noting that the petitioner's initial petition *was* fully litigated on the merits; the claims of the second were not asserted in the initial petition, and were dismissed as unripe as in *Stewart* or as unexhausted as in *Slack*. Instead, the second petition with new claims was declared as "second or successive" because "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Id.* at 153.

As in *Burton*, Pough had a full opportunity to raise the grounds for relief now asserted when he filed his initial petition which was decided on the merits. The plea agreement Pough is contesting was executed in November 2000 and explicitly referred to control or supervision by the Adult Parole Board. In fact, in his first § 2254 petition filed in July 2004, Pough addressed his dissatisfaction with

4

the plea agreement, asserting it was "less than knowing and voluntary." (Ex. 23 at 17; Ex. 24). In the petition, Pough not only stated that he would have "consecutive *parole*" but also that he would "be released in 2014 on the federal sentence with good time and will have to return to the state sentence to do an extra 5 yrs. or 4 yrs. on the 18-life state sentence." (Ex. 23 at 22) (emphasis added). These statements display Pough's knowledge and understanding of the substance of the plea agreement. As such, the ambiguity Pough now cites could have been included in Pough's initial challenge of the plea agreement and simply was not. In accordance with both abuse of writ and AEDPA, Pough's failure to assert the claims now before this court in his initial petition require the petition at hand be classified as "second or successive."

While the interest in providing petitioners with a full and fair opportunity to be heard on the merits is of the utmost importance, the procedural requirements must be followed. "Second or successive" petitions must go through the "gatekeeping" process of the Circuit Court to serve the purpose of AEDPA: promoting comity, finality, and federalism. *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Panetti*, 551 U.S. at 947. I find Pough's second petition to be "second or successive" within the meaning of AEDPA. As such, I will follow Magistrate Judge Vecchiarelli's recommendation and transfer the petition as "second or successive" to the Sixth Circuit for review. I also deny Respondent's motion to dismiss at this time.

In addition, I also find Magistrate Judge Vecchiarelli's determination to be accurate with respect to the fifth ground of relief raised by Pough regarding pre-conviction incarceration. The issue of the amount of time that counts toward a state court sentence is governed by state statutory law. *See* O.R.C. § 2967.191. Therefore, by *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), as stated by Magistrate Judge Vecchiarelli, this claim is not cognizable for federal habeas review.

V. CONCLUSION

I adopt the recommendations stated in Magistrate Judge Vecchiarelli's R & R. I find that this petition is "second or successive" and transfer it to the Sixth Circuit Court of Appeals. Respondent's motion to dismiss is also denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge